# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> v. <br> DEWAYNE CREWS, <br> Defendant. | Criminal Action No. 06-418 |

## OPINION

**CONTI, Senior District Judge**

### I. Introduction

Pending before the court is a motion for reduction of sentence pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194 (ECF No. 318) filed by defendant Dewayne Crews ("Crews" or "defendant"). For the reasons set forth in this opinion, the motion for reduction will be granted in part and denied in part. Crews is entitled to seek relief under the First Step Act because the court did not originally sentence him in accordance with the Fair Sentencing Act of 2010 (the "Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372. The court will reduce Crews' term of supervised release, but declines to reduce his term of imprisonment.

### II. Background

On December 5, 2006, Crews was charged in a one-count indictment with possession with the intent to distribute 50 grams or more of cocaine base on or about August 31, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). (ECF No. 1.) On February 16, 2010, a jury trial

commenced against Crews with respect to the charges contained in the indictment. On February 22, 2010, a jury found Crews guilty as charged in the indictment. (ECF No. 194.)

On August 3, 2010, Congress enacted the Fair Sentencing Act and it was signed into federal law. The Fair Sentencing Act reduced penalties for crack cocaine offenses and directed the United States Sentencing Commission to review and within ninety days amend the advisory sentencing guidelines to account for the reductions. On November 1, 2010, the relevant amendments to the guidelines became effective. For example, under the statutory amendments, the mandatory minimum sentence to which Crews was subject would be lowered from ten years to five years and under the amendments to the guidelines the advisory guideline range for his term of imprisonment would be lowered from 360 months to life, to 262 months to 327 months.

On November 16, 2010, this court held a sentencing hearing with respect to Crews. Crews argued the court should apply to him the Fair Sentencing Act statutory and guideline amendments because he was being sentenced after November 1, 2010. The court continued the hearing for the parties to file supplemental briefing to address whether the Fair Sentencing Act amendments should retroactively apply to him. The parties in their supplemental briefing also addressed whether the crime of resisting arrest of which Crews was previously convicted under Pennsylvania law was a crime of violence for purposes of the career offender statute.

On December 13, 2010, the court held the continued sentencing hearing. (H.T. 12/13/2010 (ECF No. 279).) The court explained that under United States v. Jacobs, 919 F.2d 10 (3d Cir. 1990), the statutory penalties in effect at the time Crews committed the offense of which he was convicted were applicable. (Id. at 3-6.) In other words, the Fair Sentencing Act statutory amendments did not apply to him. The court also held that Crews' conviction of resisting arrest

under Pennsylvania law constituted a crime of violence for purposes of the career offender statute. (Id. at 14.)

The court, however, granted Crews a departure under United States Sentencing Guideline 4A1.3(b)(1) because his criminal history category of VI "substantially over-represent[ed] the seriousness of the defendant's criminal history or the likelihood that the defendant…[would] commit other crimes." U.S.S.G. § 4A1.3(b)(1); (H.T. 12/13/2010 (ECF No. 279) at 24-25.) The court's findings with respect to the statutory penalties and applicable guidelines were, in pertinent part, as follows:

1) the base offense level was 30;

2) Crews was a career offender because he had at least two prior convictions for crimes of violence;

3) Crews' total adjusted offense level was 37;

4) Crews' career offender status resulted in a criminal history category of VI;

5) the court departed from the guidelines under § 4A1.3(b)(1) and assigned Crews a criminal history category of V;

6) the statutory minimum term of imprisonment was ten years and the statutory maximum term of imprisonment was life;

7) the applicable guideline range for imprisonment in light of the departure in criminal history score was 324 months to 405 months;[1]

8) the statutory minimum term of supervised release and the applicable guideline term of supervised release was five years;

9) the statutory maximum fine to be imposed was $4,000,000.00; and

10) the applicable guideline fine range was $17,500.00 to $4,000,000.00.

---

[1] The pre-Fair Sentencing Act applicable guideline range for a term of imprisonment prior to the departure in criminal history score was 360 to life. United States v. Crews, 494 F. App'x 240, 248 (3d Cir. 2012) ("The advisory guidelines range applicable to Crews as a Career Offender was thus reduced from 360 months to life in prison to 262 to 327 months.").

3

(H.T. 12/13/2010 (ECF No. 279) at 23-26.)

The court imposed upon Crews a sentence of a term of imprisonment of 188 months, a term of supervised release of five years, with all conditions listed, and a special assessment of $100. (ECF No. 273.) The court explained that it determined Crews' sentence by considering all the factors set forth in 18 U.S.C. § 3553(a).[2] For example, with respect to the nature of the offense, the court explained:

> The offense involved crack cocaine. Congress has recently reduced the statutory penalties for the crack cocaine. If that reduction in the career offender Guideline range would have been in effect, your range would have been…two hundred thirty-five [months] to two hundred ninety-three moths. And if the Court were to go to [the] one-to-one [ratio], it would be one hundred eighty-eight [months] to two hundred thirty-five months.

(H.T. 12/13/2010 (ECF No. 279) at 38.) The court recognized that the offense was a "very serious drug offense" and warranted a lengthy period of incarceration. (Id. at 41.) The court explained that in light of Crews' background, e.g., his mother was a drug addict and his father was absent from his life and other matters, it applied the one-to-one drug ratio to his guideline calculation. (Id. at 40.) The court summarized its reasons for granting Crews a "significant variance" as follows:

> One is looking at the crack disparity, the Fair Sentencing Act, and, also, your history and your characteristics in terms of your upbringing. And, also, I think that the letter that you wrote indicating your desire to change your life when you come out.

(Id. at 42.) With respect to the kinds of sentences available and sentencing range established by the guidelines, the court explained:

> This was the most difficult issue here, and that's because we've had, as you sat through and heard the arguments on, when you were a career offender or whether you are, your criminal history was overrepresented. Your background – and the Court did give you, because it was a close question there, did give you the benefit of a policy statement and departed downward. And I used all of that. The

---

[2] The court in this opinion summarizes the court's consideration of only the § 3553(a) factors relevant to whether Crews was sentenced under the Fair Sentencing Act.

4

> Guidelines, while I didn't strictly follow the Guidelines, because if the Court had you would have had a minimum of three hundred twenty-four months.
>
> I did look at the Guidelines to calculate what would have happened if the Court, if this would have been strictly powder cocaine and I gave you the departure down to the criminal history category of Roman numeral V. That sentence would have been at the low end of one hundred eighty-eight months, and I felt that was a sufficient sentence under the circumstances.
>
> So, while I did not strictly follow the Guidelines in your case, Mr. Crews, I did use them as a way to consider what would be an appropriate sentence in coming up with the one hundred eighty-eight months.

(H.T. 12/ 13/2010 (ECF No. 279) at 44-45.)

With respect to the need to avoid unwarranted sentencing disparities, the court explained:

> This is one factor that the Court considered in determining that it would be appropriate to have a, a one-to-one ratio applied because I think there could be some sentencing disparities given the time that the defendant committed the offense or, and the time he's already been incarcerated and over that period. The Courts here, under Judge Cohill's analysis, have imposed sentences at a one-to-one ratio, I thought that was appropriate, in order to avoid any unwarranted sentencing disparities.

(Id. at 45.)

On December 16, 2010, Crews filed a notice of appeal with the United States Court of Appeals for the Third Circuit. (ECF No. 274.) On September 5, 2012, the court of appeals affirmed the sentence imposed upon Crews by this court. United States v. Crews, 494 F. App'x 240, 241 (3d Cir. 2012), cert. denied, 133 S. Ct. 960 (2013) (ECF No. 286). Crews in his appeal argued, among other things, that this court "erred in failing to apply the Fair Sentencing Act…when sentencing him." Id. at 247 n.26. The Third Circuit Court of Appeals agreed with Crews that in light of intervening authority by the Supreme Court of the United States, this court committed a procedural error "by initially calculating…[defendant's] Career Offender guideline range based on the pre-FSA statutory terms of imprisonment for distribution of crack cocaine." Id. (citing

5

Dorsey v. United States, 567 U.S. 260 (2012); United States v. Dixon, 648 F.3d 195, 203 (3d Cir. 2011)). The court of appeals explained:

> The FSA reduced the statutory maximum term of imprisonment applicable to Crews from life to 40 years because Crews was not held accountable for 280 grams or more of crack cocaine. See 21 U.S.C. § 841(b)(1)(B). The advisory guidelines range applicable to Crews as a Career Offender was thus reduced from 360 months to life in prison to 262 to 327 months. See U.S.S.G. § 4B1.1(b).

Id. This court's error, however, was harmless. The court of appeals explained:

> The District Court granted Crews a U.S.S.G. § 4A1.3 downward departure of one criminal history category. The District Court then considered what Crews's Career Offender guideline calculation would be if he received the benefit of the FSA's statutory changes. The District Court imposed a sentence based on neither the pre-FSA nor post-FSA career offender provisions linked to the statutory maximum prison terms for crack cocaine offenders, but instead based on the statutory penalties applicable to powder cocaine offenders in order to avoid any unwarranted sentencing disparities. Significantly, the FSA did not alter the penalties associated with the distribution of powder cocaine. Thus, the initial procedural error was harmless because the record clearly shows that the District Court imposed a sentence that was not premised at all upon the otherwise applicable advisory guidelines range.

Id.

On March 28, 2019, Crews with the assistance of counsel filed a motion for reduction of sentence under the First Step Act. (ECF No. 318.) On April 9, 2019, the government filed its response in opposition. (ECF No. 321.) On April 12, 2019, Crews filed a reply. (ECF No. 322.) Crews' First Step Act motion is now ripe to be decided by the court.

### III. Discussion

#### A. The First Step Act Generally

A district court has limited authority to modify a sentence. The court's limited authority to reduce defendant's sentence under the First Step Act is provided by 18 U.S.C. § 3582(c)(1)(B). Section 3582(c)(1)(B), in pertinent part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute…." 18 U.S.C. § 3582(c)(1)(B)

(emphasis added). The express provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). "Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties." United States Sentencing Commission, Office of Education & Sentencing Practice, *FIRST STEP Act*, INSIDER EXPRESS SPECIAL EDITION, January 2019, at 1. "Section 3 of the Fair Sentencing Act eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine." Id.

If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence. The First Step Act provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Courts construe this provision to mean that a district court has discretion whether to reduce a sentence imposed upon a defendant who was sentenced prior to the enactment of the Fair Sentencing Act. Ladd v. Kallis, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ('The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."); United States v. Bishop, No. 10-CR-30166-JPG, 2019 WL 1377020, at *1 (S.D. Ill. Mar. 27, 2019) ("Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence."); United States v. Glore, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019) ("The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the

court's discretion whether to reduce their sentences."); United States v. Davis, No. 07-CR-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019) ("Relief under the First Step Act is discretionary.").

The parties in this case dispute whether—if this court decides to exercise its discretion to reduce defendant's sentence— Crews is entitled to a limited or plenary resentencing under the First Step Act. As discussed above, a district court's limited authority to modify defendant's sentence is provided by § 3582(c)(1)(B),[3] which, in pertinent part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise *expressly* permitted by statute…."[4] 18 U.S.C. § 3582(c)(1)(B) (emphasis added). The *express* provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act §

---

[3] In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States held that a defendant is not entitled to a plenary sentencing under § 3582(c)(2). Section 3582(c)(2) permits a court to modify a final sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582. The government cites Dillon in support of its argument that defendant is not entitled to a plenary resentencing in this case. (ECF No. 321 at 11.) The analysis in Dillon, however, "[is not] helpful in analyzing the sentence reduction authority Congress has granted the courts through § 404[,]" United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *7 (E.D. Wis. Apr. 18, 2019), because defendant is not requesting a reduced sentence based upon an amendment to the sentencing guidelines; rather, defendant requests a reduced sentence "to the extent…permitted by statute[,]" 18 U.S.C. § 3582(c)(1)(B), which is governed by § 3582(c)(1)(B). But see United States v. Glover, No. 95-08021-CR, 2019 WL 1562833, at *9 (S.D. Fla. Apr. 11, 2019) (relying upon, among other things, the Eleventh Circuit Court of Appeal's interpretation of § 3582(c)(2) under which a defendant is not entitled to a plenary resentencing to conclude a defendant is not entitled to a plenary resentencing under § 3582(c)(1)(B)).

[4] Crews argues that he is entitled to a plenary resentencing because the First Step Act instructs courts to "conduct a 'complete review on the merits.'" (ECF No. 322 at 8.) Crews, however, misquotes the First Step Act. The First Step Act provides that "[n]o court shall entertain a motion" filed under the First Step Act if, among other things, the defendant filed a previous motion under the First Step Act, which the court "denied after a complete review **of the motion** on the merits." First Step Act § 404(c) (emphasis added).

404(b). The First Step Act does not *expressly* authorize a district court to conduct a plenary resentencing of the defendant. As Crews argues, this court is "not free to add words to a statue that Congress did not include in the statute it enacted." (ECF No. 322 at 6 (citing U.S. CONST. art. 1 § 1.) This court, therefore, cannot conduct a plenary resentencing under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act" were in effect when the defendant committed the offense. First Step Act § 404(b).

Other district courts that have considered this issue under the First Step Act have held that a defendant is not entitled to a plenary sentencing under § 3582(c)(1)(B). See e.g., United States v. Rivas, No. 04-CR-256-PP, 2019 WL 1746392, at *8 (E.D. Wis. Apr. 18, 2019) ("The First Step Act does not "expressly permit" the court to conduct a plenary resentencing."); United States v. Shelton, No. CR 3:07-329 (CMC), 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019) ("Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); United States v. Glover, Crim. Action No. 95-08021, 2019 WL 1562833, at *10 (S.D. Fla. Apr. 11, 2019); United States v. Perkins, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("a full resentencing is neither required nor called for"); United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019) ("Third, the Court cannot conclude that the First Step Act anticipates a full re-sentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine

set out in the Fair Sentencing Act.");[5] Davis, 2019 WL 1054554, at *2 ("Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates.").

A court must, however, consider the factors set forth in 18 U.S.C. § 3553(a) when reducing a sentence; indeed, nothing in the First Step Act of § 3582(c)(1)(B) nullified the mandate in § 3553(a) that "[t]he court, in determining the particular sentence to be imposed, shall consider" the § 3553(a) factors. 18 U.S.C. § 3553(a); United States v. Lewis, No. CR 08-0057 JB, 2019 WL 1923047, at *24 (D.N.M. Apr. 30, 2019) ("The Court concludes that, although the First Step Act does not require a full resentencing with the defendant present, the First Step Act permits a court to consider the 18 U.S.C. § 3553(a) factors in determining whether a First Step Act-eligible defendant's circumstances warrant a sentence reduction, and to what extent the court should reduce his or her sentence."); United States v. Allen, No. 3:96-CR-00149-RNC-3, 2019 WL 1877072, at *4 (D. Conn. Apr. 26, 2019) ("Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act."); United States v. Simons, No. 07-CR-00874, 2019 WL 1760840, at *7 (E.D.N.Y. Apr. 22, 2019) (finding reduction of the defendant's sentence was warranted after consideration of the § 3553(a) factors).

Based upon the foregoing, the court will determine whether to exercise its discretion to reduce Crews sentence, and, if so, conduct a resentencing limited to consideration of the § 3553(a) factors and as if sections 2 and 3 of the Fair Sentencing Act were effective on the day Crews committed his offense of conviction. First, however, the court must address the government's

---

[5] The court in Russo explained its rationale for why a defendant is not entitled to a full resentencing under the First Step Act as follows: "If the Court were to engage in such a re-sentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." United States v. Russo, No. 8:03CR413, 2019 WL 1277507, at *1 (D. Neb. Mar. 20, 2019).

argument that Crews in the first instance is not entitled to relief under the First Step Act because he was previously sentenced in accordance with the Fair Sentencing Act.

### B. Sentence in Accordance with the Fair Sentencing Act

Prior to deciding the merits of Crews' motion for sentence reduction, the court must decide whether it has authority under the First Step Act to entertain his motion. The First Step Act provides that a court is without authority to entertain a motion under the Act if the "sentence was previously imposed or previously reduced in accordance with…the Fair Sentencing Act." First Step Act § 404(c). The government argues that Crews is not entitled to relief under the First Step Act because the court imposed a sentence in accordance with the Fair Sentencing Act when it "calculat[ed] the Fair Sentencing Act range and var[ied] downward[.]" (ECF No. 321 at 7.) The government's argument that Crews was sentenced in accordance with the First Step Act is not persuasive.

This court rejected the Fair Sentencing Act's application to Crews; indeed, the term of imprisonment of 188 months was based upon the one-to-one drug ratio utilized by other judges on this court to avoid unwarranted sentencing disparities and the term of supervised release of five years was imposed in accordance with the pre-Fair Sentencing Act terms of supervised release. The Third Circuit Court of Appeals recognized that with respect to the term of imprisonment, this court "imposed a sentence based on neither the pre-FSA nor post-FSA career offender provisions linked to the statutory maximum prison terms for crack cocaine offenders[.]" Crews, 494 F. App'x at 248 n.26. The Fair Sentencing Act did not provide the court the basis for a variance to impose upon Crews a term of imprisonment of 188 months and a term of supervised release of five years. The court, therefore, rejects the government's argument that this court cannot entertain Crews' First Step Act motion because he was originally sentenced in accordance with the Fair Sentencing

Act. The court must now consider whether to exercise its discretion under the First Step Act and reduce Crews' sentence.

### C. The Court's Discretion

Under the Fair Sentencing Act, the statutory maximum term of imprisonment applicable to Crews is reduced from <u>life</u> to <u>40 years</u> and the advisory guidelines range as a career offender (without the departure in criminal history score) is reduced from <u>360 months to life</u> to <u>262 months to 327 months</u>. Crews, 494 F. App'x at 247 n.26. The applicable statutory term of supervised release applicable to Crews is reduced from a statutory minimum term of <u>five years</u> to a statutory minimum of <u>four years</u>. 21 U.S.C. § 841(b)(1)(B)(iii). Crews requests under the First Step Act a reduction of his term of imprisonment from 188 months to 165 months and a reduction of his term of supervised release from five years to four years. (Id.) He argues that if the court grants him the relief he seeks, he would be entitled to immediate release from imprisonment.[6] (Id.)

This court declines to exercise its discretion to reduce Crews' term of imprisonment. Although the Fair Sentencing Act reduced the sentencing guideline range for imprisonment applicable to Crews, the court did not sentence him to a term of imprisonment in accordance with the sentencing guidelines applicable to him prior to the enactment of the Fair Sentencing Act. Crews is correct in a typical case the sentencing guidelines "'are in a real sense the basis for the sentence.'" (ECF No. 322 (quoting Molina-Martinez v. United States, 136 S.Ct. 1338, 1345 (2016).) This case, however, is not typical. The Third Circuit Court of Appeals considered this case one of the "rare case[s]" in which a district court "disregard[s] the Guidelines as too severe in such a way" that a change in the guidelines does not affect the sentence imposed. United States

---

[6] According to Crews, his expected date of release from the custody of the Bureau of Prisons is October 19, 2020. (ECF No. 318 ¶ 1.)

v. Langford, 516 F.3d 205, 208 (3d Cir. 2008) (cited by Crews, 494 F. App'x 248 n.26)). In consideration of the § 3553(a) factors[7] Crews set forth in his motion for a reduced sentence, the court sentenced him to a term of imprisonment of 188 months to reflect the one-to-one drug ratio and to avoid unwarranted sentencing disparities. His variance was not imposed under pre- or post- Fair Sentencing Act Amendments. His motion for a reduced sentence with respect to his term of imprisonment will, therefore, be denied.

The court will, however, exercise its discretion to reduce Crews' term of supervised release to four years. The court imposed upon him a term of supervised release in accordance with the pre-Fair Sentencing Act statutory minimum term of supervised release of five years, but the applicable statutory minimum term of supervised release under the Fair Sentencing Act is now four years. The sentence reduction is appropriate because, among other reasons, Crews, who will be released from custody in less than two years, already has in place a home plan approved by the probation office. He plans to live with his sister upon release from imprisonment. The court is encouraged that with a stable living situation, defendant upon release will be able to live a law-abiding and productive life. The motion for reduction of sentence will, therefore, be granted with respect to Crews' term of supervised release.

---

[7] Crews with limited exception reiterates the § 3553(a) factors the court considered at the time it imposed the original sentence upon defendant. He also argues that he is entitled to a reduced sentence because of his age (35 years old). The court at the time of sentencing, however, was aware of Crews' age and knew that he would be incarcerated passed the age of 35 years old.

Crews also argues that under current law he is not considered a career offender. The First Step Act instructs that a court may reduce a defendant's sentence "as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). The First Step Act does not permit the court to consider other statutory or sentencing guideline amendments enacted since the date the defendant committed his or her offense. At the time Crews committed the instant offense, the sentencing guidelines provided that he was a career offender, U.S.S.G. § 4B1.2 (2015), and the First Step Act did not alter that legal conclusion. The court will not, therefore, revisit that issue or consider whether under current law Crews would be considered a career offender.

### D. Defendant's Appearance at a Hearing

Federal Rule of Criminal Procedure 43(b)(4) provides:

> **(b) When Not Required**. A defendant need not be present under any of the following circumstances:
> …
> **(4) Sentence Correction.** The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c).

FED. R. CRIM P. 43(b)(4). The Advisory Committee's notes to Rule 43 provide:

> The second issue addressed by the amendment is the applicability of Rule 43 to resentencing hearings conducted under 18 U.S.C. § 3582(c). Under that provision, a resentencing may be conducted as a result of retroactive changes to the Sentencing Guidelines by the United States Sentencing Commission or as a result of a motion by the Bureau of Prisons to reduce a sentence based on "extraordinary and compelling reasons." The amendment provides that a defendant's presence is not required at such proceedings. In the Committee's view, those proceedings are analogous to Rule 35(b) as it read before the Sentencing Reform Act of 1984, where the defendant's presence was not required. Further, the court may only reduce the original sentence under these proceedings.

FED. R. CRIM. P. 43, Adv. Committee n.

The First Step Act proceeding in this case is a proceeding involving the reduction of defendant's sentence under § 3582(c)(1)(B). A plain reading of Rule 43(b)(4) provides that Crews' appearance is not required for the court to reduce his sentence under § 3582(c)(1)(B). He argues, however, that in light of the Advisory Committee's note set forth above that Rule 43(b)(4) applies only to proceedings under § 3582(c)(2). The court in United States v. Downin, 884 F.Supp. 1474 (E.D. Cal. 1995), explained:

> The Supreme Court teaches that advisory committee notes are "of weight" in the construction of the federal rules, but are not determinative. Torres v. Oakland Scavenger Co., 487 U.S. 312, 316, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988). Accordingly, they should be relied upon only where there is an ambiguity in the text of the rule which necessitates resort to extrinsic aids. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 n. 9 (9th Cir.1986) (advisory committee notes guide interpretation of ambiguous rules); see also Tello v. McMahon, 677 F.Supp. 1436, 1441 (E.D.Cal.1988) (principles of statutory construction generally). Although it has been said that the advisory committee notes more accurately reflect

> actual congressional intent and are thus entitled to greater weight than other forms of legislative history, see United States v. Anderson, 942 F.2d 606, 611 (9th Cir.1991), they remain extrinsic sources. Where the language of a rule is unambiguous, it is conclusive, and resort to such extrinsic sources is unnecessary since construction is unnecessary. See Tello, 677 F.Supp. at 1441.

United States v. Downin, 884 F. Supp. 1474, 1479 (E.D. Cal. 1995). The plain language of Rule 43, which refers to the entirety of 18 U.S.C. § 3582(c), therefore, controls in this case. The court is not required to hold a hearing at which Crews is present to reduce his sentence. He did not point to any authority to show that he is entitled to a hearing at which he is present with respect to the denial of his motion for reduction of his term of imprisonment under the First Step Act.

### IV. Conclusion

Crews is entitled to seek relief under the First Step Act. The court will exercise its discretion to reduce his term of supervised release to four years. The court declines to exercise its discretion to reduce Crews' term of imprisonment. The motion for reduction of sentence (ECF No. 318) will, therefore, be granted in part and denied in part.

An appropriate order and judgment will be entered.

BY THE COURT,

Dated: May 23, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge