# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                            |   |                           |
|----------------------------|---|---------------------------|
| UNITED STATES OF AMERICA,  | ) |                           |
| v.                         | ) |                           |
| DEWAYNE CREWS,             | ) | Criminal Action No. 06-418 |
| Defendant.                 | ) |                           |

## MEMORANDUM OPINION

**CONTI, Senior District Judge**

### I. Introduction

On May 24, 2019, this court issued an order granting in part and denying in part the motion for reduction of sentence pursuant to the First Step Act of 2019 ("the "First Step Act), Pub. L. No. 115-391, 132 Stat. 5194, filed by defendant Dewayne Crews. (ECF No. 331.) The court in its memorandum opinion (ECF No. 330) explained that Crews' motion would be granted to the extent his term of supervised release would be reduced from five years to four years and denied with respect to his request to reduce his 188-month term of imprisonment. After the court issued its opinion and order, the court received a letter from Crews, who was represented by counsel with respect to his First Step Act motion, in which he requested that the court grant his motion for reduction of sentence. (ECF No. 326.) Crews explained that he took responsibility for his actions, his intention to help others, and goals for the future. (Id.) Crews wrote and mailed the letter to the court before the court issued its memorandum opinion. The court referred the letter to Crews' counsel.

Currently pending before the court is a motion for reconsideration (filed by Crews' counsel) of the court's decision to deny the motion to reduce sentence with respect to Crews' request for a reduction of his 188-month term of imprisonment. (ECF No. 328.) Crews requests the court to reconsider its decision in light of "his post-sentencing growth," which is detailed in the letter he sent to the court. The government, however, argues that the motion for reconsideration should be denied for three reasons: (1) the information presented by Crews in his letter was available to Crews prior to Crews' counsel filing the motion to reduce sentence; (2) the court at the time of sentencing and in its opinion granting in part and denying in part Crew's motion to reduce sentence considered Crews' acceptance of responsibility and post-release goals at the time of sentencing; and (3) "Crews' motion for reconsideration does not challenge any of the legal or factual conclusions" in the court's opinion grating in part and deny in part the motion to reduce sentence. (ECF No. 330.)

For the reasons set forth in this memorandum opinion, Crews' motion for reconsideration will be denied. This court in its opinion setting forth the reasons the motion to reduce sentence would be denied with respect to Crews' term of imprisonment did not consider the factors set forth in 18 U.S.C. § 3553(a); rather, the court declined in the first instance to exercise its discretion to reduce Crews' term of imprisonment because "the court did not sentence him to a term of imprisonment in accordance with the sentencing guidelines applicable to him prior to the enactment of the Fair Sentencing Act." (ECF No. 323 at 12.)

**II.  Standard of Review**

Though not explicitly provided for in the Federal Rules of Criminal Procedure, "motions for reconsideration may be filed in criminal cases." United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). Courts apply the same standards to motions for reconsideration filed in the

criminal cases as those used in the civil context. United States v. Lawrence, Civ. Action No. 3:13-41, 2015 WL 9027037, at *8 (W.D. Pa. Dec. 15, 2015); United States v. Torres-Moreno, 28 F. Supp. 3d 136, 137 (D.P.R. 2014); United States v. Korbe, Crim. Action No. 2:09-05, 2010 WL 2891509, at *1 (W.D. Pa. July 21, 2010); United States v. Croce, 355 F. Supp. 2d 774, 775 n.1 (E.D. Pa. 2005).

Here, Crews seeks reconsideration of a final judgment or order, i.e., the court's orders granting in part and denying in part the motion to reduce sentence (ECF No. 324). A motion for reconsideration with respect to a final order or judgment must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." Bootay v. KBR, Inc., 437 Fed.Appx. 140, 146-47 (3d Cir. 2011) (citing Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration is not to be used to relitigate or "rehash" issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made. Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); Keyes v. Nat'l R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). In order to be successful on a motion for reconsideration, the movant must demonstrate a "definite and firm conviction that a mistake has been committed," or that the court overlooked arguments that were previously made. United States v. Jasin, 292 F.Supp.2d 670, 676 (E.D. Pa. 2003).

**III.     Discussion**

Even if Crews could show he is entitled to reconsideration, he would not be entitled to a reduction of his term of imprisonment. This court in its discussion of the procedure applicable to motions to reduce sentence filed under the First Step Act explained that it would use a two-step process to determine whether to grant Crews relief. (ECF No. 323 at 10.) The court explained it would: (1) determine whether to exercise its discretion to reduce Crews' sentence; and (2) if it decided to exercise its discretion, "conduct a resentencing limited to consideration of the § 3553(a) factors and as if sections 2 and 3 of the Fair Sentencing Act were effective on the day Crews committed his offense of conviction." (ECF No. 323 at 10-11.)

The court's analysis of Crews' motion to reduce sentence ended at the first step. The court declined to exercise its discretion to reduce Crews' term of imprisonment because it did not originally sentence Crews in accordance with the sentencing guidelines, which were reduced by the Fair Sentencing Act. The court explained:

> Crews is correct in a typical case the sentencing guidelines "'are in a real sense the basis for the sentence.'" (ECF No. 322 (quoting Molina-Martinez v. United States, 136 S.Ct. 1338, 1345 (2016).) This case, however, is not typical. The Third Circuit Court of Appeals considered this case one of the "rare case[s]" in which a district court "disregard[s] the Guidelines as too severe in such a way" that a change in the guidelines does not affect the sentence imposed. United States v. Langford, 516 F.3d 205, 208 (3d Cir. 2008) (cited by Crews, 494 F. App'x 248 n.26)). In consideration of the § 3553(a) factors…Crews set forth in his motion for a reduced sentence, the court sentenced him to a term of imprisonment of 188 months to reflect the one-to-one drug ratio and to avoid unwarranted sentencing disparities. His variance was not imposed under pre- or post-Fair Sentencing Act Amendments. His motion for a reduced sentence with respect to his term of imprisonment will, therefore, be denied.

(ECF No. 323 at 12-13.) Based upon the foregoing, the court declined to exercise its discretion under the First Step Act to reduce Crews' term of imprisonment. The court did not consider the § 3553(a) factors in its decision whether to exercise its discretion to reduce Crews' term of imprisonment; rather, the court denied Crews' request for a reduced term of imprisonment because

4

it did not sentence Crews in the first instance in accordance with the pre- or post-Fair Sentencing Act amendments. Under those circumstances, even if the court found reconsideration of the motion to reduce sentence with respect to Crews' term of imprisonment was warranted in light of Crews' letter to the court, Crews would not be entitled to a reduced term of imprisonment. Crews in his motion for reconsideration and letter to the court addresses factors that would be considered under § 3553(a), but, as discussed above, the § 3553(a) factors did not factor into the court's decision to deny the motion to reduce sentence with respect to the term of imprisonment. The court's consideration of the contents of Crews' letter to the court would not, therefore, change the court's decision to deny the motion to reduce sentence with respect to Crews' term of imprisonment.

## IV. Conclusion

Even if the court reconsidered the motion to reduce sentence in light of the content of Crews' letter to the court, the court would not exercise its discretion to reduce Crews' term of imprisonment. Crews' motion for reconsideration will, therefore, be denied. An appropriate order will be entered.

BY THE COURT,

Dated: November 25, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge